**Veasna ATH, Petitioner–Appellant,**

v.

**Michael CHERTOFF, Respondent–Appellee.**

**No. 04–57065.**

United States Court of Appeals, Ninth Circuit.

Submitted March 5, 2007.*

Filed March 7, 2007.

█

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Brian D. Lerner, Esq., Law Offices of Brian D. Lerner, Long Beach, CA, for Petitioner–Appellant.

Gwendolyn Millicent Gamble, Esq., USLA—Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, for Respondent–Appellee.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: RYMER, WARDLAW, and SMITH, Circuit Judges.

MEMORANDUM **

Veasna Ath appeals the district court's order dismissing his 28 U.S.C. § 2241 habeas corpus petition, which challenged the order of removal entered by an immigration judge ("IJ") and affirmed by the Board of Immigration Appeals ("BIA"). We treat Ath's appeal as a petition for review pursuant to section 106(a) of the REAL ID Act of 2005, Pub.L. No. 109–13, Div. B, 119 Stat. 231 (2005), *see Martinez–Rosas v. Gonzales,* 424 F.3d 926, 928–30 (9th Cir.2005), and we dismiss for lack of jurisdiction.

We "may review a final order of removal only if the alien has exhausted all administrative remedies available to the alien as of right. . . ." 8 U.S.C. § 1252(d)(1). "A waiver of the right to appeal is a failure to exhaust administrative remedies." *Joo v. INS,* 813 F.2d 211, 212 (9th Cir.1987); *see also Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004). Ath was made aware of his right to appeal the IJ's decision to the BIA and chose to waive that right.

Ath argues that the exhaustion requirements are inapplicable because he asserts constitutional claims attacking his order of removal. We have carved out an exception to the exhaustion requirement for "constitutional challenges to the Immigration and Naturalization Act and INS procedures." *See Rashtabadi v. INS,* 23 F.3d 1562, 1567 (9th Cir.1994). However, that exception does not apply to "procedural errors correctable by the administrative tribunal." *Id.* (quotation marks omitted). Ath does not challenge the constitutionality of the Immigration and Naturalization

Act or the procedures that governed his removal proceeding. He cannot avoid the exhaustion requirement "merely by alleging that every [procedural error at his hearing] violates due process." *Id.* Therefore, Ath failed to exhaust his administrative remedies, and we lack jurisdiction to review his order of removal.

**DISMISSED.**